SO ORDERED.

Dated: July 15, 2013

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KELLY and KRISTY SAMPLE,<br><br>Debtors. | Chapter 11 proceedings<br><br>Case No. 2:10-38373-DPC<br><br>ORDER RE ABSOLUTE PRIORITY RULE<br><br>(NOT FOR PUBLICATION) |

Southwestern Business Finance (SBF) challenges Debtor's Chapter 11 Plan as violating the so-called absolute priority rule. SBF is, however, quick to point out that the Ninth Circuit Bankruptcy Appellate Panel's (BAP) *Friedman*, opinion held, in a 2-1 decision, that "the absolute priority rule does not apply in individual debtor chapter 11 cases." *In re Friedman*, 466 B.R. 471, 473 (9th Cir. BAP 2012) (Jury, J. dissenting). However, SBF urges this Court to not consider itself bound by BAP decisions, contending the majority of decisions across the country hold contrary to *Friedman*. On the other hand, the Debtors point to the fact *Friedman* was an Arizona case and, under *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990), the BAP's opinion is controlling authority within this district. Neither the Debtors nor SBF have cited any decisions from the U.S. District Court for the District of Arizona (District Court of Arizona) on the question of whether the absolute priority rule pertains to individual Chapter 11 debtor cases.[1]

---

[1] During an April 30, 2013 hearing, the Court ruled on the record regarding this matter. *See* Dkt # 150. This order is supplemental to the decision on the record.

1

**ANALYSIS**

I. **Precedential Value of BAP Decisions**

The BAP notes that the Judicial Counsel of the Ninth Circuit established the BAP, among other things, to establish uniformity within Ninth Circuit bankruptcy courts and a consistent body of bankruptcy law throughout the circuit. *See In re Windmill Farms*, 70 B.R. 618, 622 (9th Cir. BAP 1987). In *Windmill Farms*, the panel held that, to achieve the desired bankruptcy law uniformity within Ninth Circuit, decisions of the BAP must be binding on all bankruptcy courts in the Ninth Circuit. The BAP reconfirmed this opinion in *Philadelphia Life Ins. Co. v. Proudfoot*, 144 B.R. 876 (9th Cir. BAP 1992) holding that decisions of the Ninth Circuit BAP are binding on all bankruptcy courts in the Ninth Circuit unless contrary authority exists in the district court from the district in which the bankruptcy case is heard.

Although there are no Ninth Circuit decisions mandating decisions of the BAP bind bankruptcy courts, this Court agrees with the rationale of Bankruptcy Judge Jaroslovsky from the Northern District of California when he held that a bankruptcy judge's ego should not get in the way of that judge following BAP decisions with which he or she may disagree. See *In re Muskin, Inc.*, 151 B.R. 252 (Bankr. N.D. Ca. 1993). Judge Jaroslovsky pointed out that, among other things, opinions from the BAP are useful tools available to lawyers in plotting strategy for their client's cases and enabling lawyers to settle their bankruptcy issues.

Locally, Bankruptcy Judge Case held he would follow the BAP's decisions where such decisions are on point and not meaningfully distinguishable in the legal sense. *See In re Sawicki*, 2008 WL 410229, *4 (Bankr. D. Ariz. February 12, 2008) (not reported). Chief Judge Haines had occasion to address the precedential value of BAP decisions in *Roetman* where he agreed with Judges Jaroslovosky and Case noting that bankruptcy courts generally should follow the circuit's BAP decisions "that are 'on point' and not 'meaningfully distinguishable'" even when the bankruptcy court disagrees with the BAP's analysis. *In re Roetman*, 405 B.R. 336, 339 (Bankr. D. Ariz. 2009), In *Roetman*,

however, the court found a conflict between a reported District Court of Arizona and a BAP ruling on the same issue and, therefore, declined to follow the BAP.

This Court agrees with Judges Jaroslovsky, Case and Haines. Accordingly, this Court holds that, so long as there is not a contrary published opinion from the District Court of Arizona, this Court will follow the opinions of the Ninth Circuit BAP, whether or not this Court agrees with the reasoning behind the particular BAP decision.

## II. Applicability of the Absolute Priority Rule in an Individual's Chapter 11 Reorganization

The BAP in the *Friedman* decision held that the absolute priority rule[2] does not apply in an individual debtor's Chapter 11 case. The rationale for its 2-1 decision is set out in the extensive opinion penned in *Friedman* by Bankruptcy Judge Clarkson. Although this Court tends to favor the dissenting decision of Judge Jury in *Friedman*, for the reasons stated above, this Court feels duty bound to follow the majority's holding in *Friedman*. Accordingly, SBF's objection to the Debtor's chapter 11 plan based on absolute priority grounds is hereby overruled.

---

[2] Found at 11 U.S.C. §1129(b)(2)(B)(ii) which states:
    For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
    (A) With respect to a class of secured claims, the plan provides--
    (i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
    (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
    (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
    (iii) for the realization by such holders of the indubitable equivalent of such claims.
    (B) With respect to a class of unsecured claims--
    (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

**IT IS SO ORDERED.**

**DATED:**     July 11, 2013

_____
DANIEL P. COLLINS
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

All interested parties